UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Treadway Gallery, Inc., | ) | |
| | ) | Case No.: 1:19-cv-00664 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Michael R. Barrett |
| John Toomey Gallery, Inc., d/b/a | ) | |
| Toomey & Co. Auctioneers, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant John Toomey Gallery, Inc.'s ("Toomey Gallery") Motion to Dismiss (Doc. 22). Plaintiff Treadway Gallery, Inc. ("Treadway Gallery") filed a Response (Doc. 25) and Toomey Gallery filed a Reply (Doc. 27).

**I. BACKGROUND**

Treadway Gallery and Toomey Gallery are each engaged in the business of acquiring, consigning, and auctioning art, decor, and furniture. (*Id.* ¶ 1). Defendant Thomas Vogel ("Vogel") is a photographer. (*Id.* ¶ 18). Treadway Gallery is an Ohio corporation with its principal place of business in Ohio. (Doc. 20 ¶ 2). Toomey Gallery is an Illinois corporation with its principal place of business in Illinois. (*Id.* ¶ 3). Vogel is an individual who resides in Warren County, Ohio. (*Id.* ¶ 4).

In approximately 1987, Treadway Gallery and Toomey Gallery began conducting joint auctions under the name Treadway Toomey Auctions ("TTA"). (*Id.* ¶ 10). In 2016 and 2017, Vogel took over 1,000 photographs of items to be included in TTA auctions. (*Id.*

29, 2006) ("[A] district court may in its discretion choose to dispose of a motion to dismiss for improper venue upon written submissions alone or by conducting an evidentiary hearing.") (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002)).

The question of personal jurisdiction goes to the court's power to exercise control over the parties while the question of venue is primarily a matter of choosing a convenient forum. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Generally, for purposes of venue, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Venue in copyright cases is governed by 28 U.S.C. § 1400(a) which provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).

"For all venue purposes," an entity defendant "shall be deemed to reside" "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

A defense of improper venue is waivable. *See Leroy*, 443 U.S. at 180; FED. R. CIV. P. 12(g)(2) (stating that "a party that makes a motion under this rule must not make

another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); FED. R. CIV. P. 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)-(5)," including the defense of improper venue under Rule 12(b)(3), by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading.").

"Challenges to personal jurisdiction and to venue must be raised separately, and failure to raise challenges results in waiver of the defenses." *Centerville ALF, Inc.*, 197 F.Supp. 2d at 1047. "As separate defenses, waiver of a personal jurisdiction defense does not automatically constitute a waiver regarding venue." *Id.* "However, in the case of a corporate defendant, the residence of the defendant incorporates the test for personal jurisdiction." *Id.* at 1048. Stated otherwise, "if a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue." *Id.*

Toomey Gallery, a corporate defendant, failed to challenge this Court's exercise of personal jurisdiction over it pursuant to Rule 12(b)(2) and, thus, waived any argument challenging this Court's exercise of personal jurisdiction over it. *See* FED. R. CIV. P. 12(g)(2); FED. R. CIV. P. 12(h)(1); *Productivity-Quality Sys., Inc. v. CyberMetrics Corp., No. 3:17-CV-00369*, 2018 WL 2009673, at *10 (S.D. Ohio Apr. 30, 2018), *report and recommendation adopted*, No. 3:17-CV-369, 2018 WL 2247208 (S.D. Ohio May 16, 2018) (explaining that the fact that the plaintiff did not base its venue argument on the corporate defendant's residency does not change the fact that venue, for the plaintiff's copyright-infringement claim, remains proper where the defendant resides which is in any judicial district in which the defendant is subject to the court's personal

4

jurisdiction); *Centerville ALF, Inc.*, 197 F.Supp. 2d at 1048; *Am. Elec. Power Serv. Corp.*, 2006 WL 840390, at *5.

Having conceded that this Court has personal jurisdiction over it for each Treadway Gallery's claims, by virtue of its failure to raise a 12(b)(2) defense, Toomey Gallery is deemed to reside in the Southern District of Ohio for purposes of venue. *See* 28 U.S.C. § 1391(c); *see also Productivity-Quality Sys., Inc.*, 2018 WL 2009673, at *10; *Centerville ALF, Inc.*, 197 F. Supp. 2d at 1048; *Am. Elec. Power Serv. Corp.*, 2006 WL 840390, at *5*. To the extent that Toomey Gallery argues that its Motion to Dismiss for Improper Venue necessarily and implicitly challenged this Court's exercise of personal jurisdiction over it (Doc. 27), the Court is not convinced, *see Am. Elec. Power Serv. Corp.*, 2006 WL 840390, at *5 (explaining that, with respect to a corporate defendant, to hold "that a venue challenge implicitly raises a personal jurisdiction challenge, thereby preserving both, would be to construe Rule 12 in a way that its plain language does not support.").

Venue is proper in the Southern District of Ohio as Vogel resides in Ohio and Toomey Gallery failed to challenge this Court's exercise of personal jurisdiction over it in both of its Rule 12 motions. The Court will not analyze the parties' alternative arguments regarding the propriety of venue in this District in light of the above findings.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Toomey Gallery's Motion to Dismiss (Doc. 22) is **DENIED**. Accordingly, Plaintiff Treadway Gallery's Motion for Leave to File a Surreply (Doc. 30) is **DENIED as moot**.

**IT IS SO ORDERED.**            __/s Michael R. Barrett_____
                                                     Michael R. Barrett, Judge
                                                     United States District Court